UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY E. YOUNG,

                Petitioner,

    v.

RON HAYNES,

                Respondent.

Case No. C17-272-RSL-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Henry Young is a state prisoner who is currently confined at the Clallam Bay Corrections Center in Clallam Bay, Washington.  He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2003 judgment and sentence of the King County Superior Court.  Petitioner has previously filed three other federal habeas petitions relating to the same judgment.  This Court, having reviewed the petition filed in this matter, and the prior petitions filed by petitioner, concludes that the instant petition is a second or successive petition which must be transferred to the Ninth Circuit.

REPORT AND RECOMMENDATION
PAGE - 1

## DISCUSSION

Petitioner submitted his first federal habeas petition challenging his 2003 King County judgment and sentence to the Court for filing on August 21, 2008. *See Young v. State of Washington*, C08-1256-JCC, Dkt. 1. The Court dismissed that petition without prejudice on October 14, 2008 because petitioner had not yet exhausted his state court remedies. *See id.*, Dkts. 6, 7. Petitioner submitted a second federal habeas petition challenging his 2003 King County judgment and sentence to the Court for filing on May 11, 2011. *See Young v Fraker*, C11-798-TSZ, Dkt. 1. The Court dismissed that petition with prejudice on May 23, 2012 upon concluding that the petition was time barred under the Anti-Terrorism and Effective Death Penalty Act. *See id.*, Dkt. 34. Petitioner submitted a third federal habeas petition to the Court for filing on June 25, 2014, once again challenging his 2003 King County judgment and sentence. *See Young v. Holbrook*, C14-937-JCC, Dkt. 1. That petition was transferred to the Ninth Circuit as a second or successive petition on September 23, 2014. *Id.*, Dkt. 10.

The instant petition was received for filing on February 17, 2017. Dkt. 1. Petitioner asserts in his petition that his constitutional rights were violated when the Washington trial court used his 1991 Oklahoma conviction to conclude that he was a persistent offender, resulting in a sentence of life without parole. *See id.* at 5; Dkt. 1-1. Petitioner argues that the offense to which he pled guilty in the Oklahoma case was a non-strike offense at the time he entered his plea, and that the King County Superior Court improperly altered the construction of his plea agreement with the State of Oklahoma, converting the non-strike offense into a strike offense and then relying on that Oklahoma conviction to impose a persistent offender sentence in his Washington case. *See* Dkt. 1-1.

The fact that petitioner had a previous federal habeas petition dismissed with prejudice on the grounds that it was untimely under the federal statute of limitations renders subsequent petitions second or successive for purposes of 28 U.S.C. § 2244(b).  *See* 28 U.S.C. §2244(a); *Henderson v. Lampert,* 396 F.3d 1049, 1053 (9th Cir. 2005).  Thus, just as the federal habeas petition filed under cause number C14-937-JCC was deemed second or successive, so to must the instant federal habeas petition be deemed second or successive.  This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing.  28 U.S.C. § 2244(b)(3)(A).  Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition.  Accordingly, this Court lacks jurisdiction over the petition.

## CONCLUSION

Based on the foregoing, this Court recommends that petitioner's fourth federal habeas petition be referred to the Ninth Circuit in accordance with Ninth Circuit Rule 22-3, and that the file in this Court be administratively closed.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **March 28, 2017**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 31, 2017.**

1  This Report and Recommendation is not an appealable order. Thus, a notice of appeal
2  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
3  assigned District Judge acts on this Report and Recommendation.

4  DATED this 7th day of March, 2017.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4